The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Bernadine S. Ballance. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. At the time this claim arose, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. The employer-employee relationship existed between defendant-employer and plaintiff on January 3, 1990.
3. The carrier on the risk at all times relevant was Progressive Insurance Company.
4. On January 3, 1990 plaintiff sustained an admittedly compensable injury to his right knee arising out of and in the course and scope of his employment with defendant-employer, which ultimately resulted in surgery on the knee.
5. The defendants filed a Form 21 — Agreement for Compensation for Disability — in which the insurance carrier undertook to pay plaintiff $390.00 per week beginning January 3, 1990 and continuing for the necessary weeks, as temporary total disability compensation for said injury to plaintiff's right knee.
6. On three separate occasions, defendants filed Form 24's — Application of Employer or Insurance Carrier to Stop Payment of Compensation — alleging that plaintiff is engaged in gainful employment by way of owning a tax preparation business. All of the requests to stop payment were denied by the Commission.
7. Defendants then filed a Form 33 requesting a hearing based on their contentions that the Form 24's had been improperly denied and that defendants are entitled to a credit for all temporary total disability benefits paid to plaintiff while he was gainfully employed as an accountant.
8. Plaintiff has been engaged in the accounting/tax preparation service since 1977, first operating out of his home and subsequently renting an office space. Plaintiff hires full-time and part-time accountants to assist in the business; the number of employees varies based on the tax season.
9. At the hearing, defendants presented plaintiff's income tax returns for certain years which showed minimal profits for the business in some years and losses in other years, but there was no evidence of any wages earned by the plaintiff from working in the business.
10. At the time of the hearing, plaintiff had not reached maximum medical improvement, was still under a doctor's care, and had not returned to employment with the defendant-employer or any other such employer.
* * * * * * * * * * *
Based upon the finding of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff suffered an admittedly compensable injury on January 3, 1990 arising out of and in the course and scope of his employment with defendant-employer.
2. Defendants did not meet their burden of proof in establishing that plaintiff is actually earning wages and is gainfully employed.
3. The Form 24's previously filed by defendants were properly denied by the Commission and therefore plaintiff's temporary total disability payments should not be terminated, and defendants are not entitled to a credit for payments made to plaintiff.
IT IS THEREFORE ORDERED that the Form 24's previously filed by defendants were properly denied and defendants' request to terminate further payment to plaintiff of temporary total disability benefits is hereby DENIED. Defendants shall continue to pay temporary total disability benefits to plaintiff for his compensable injury suffered on January 3, 1990 until further orders of the Commission, or plaintiff returns to work earning the same or greater wages.
IT IS FURTHER ORDERED that defendants' request for a credit for temporary total disability payments paid to plaintiff while plaintiff performed work as an accountant in his own business is DENIED. This Order is interlocutory in nature and is not immediately appealable.
IT IS ALSO ORDERED that plaintiff's attorney shall receive an attorney's fee of twenty-five percent. Every fourth check due to the plaintiff shall be deducted and paid directly to plaintiff's attorney.
Defendants shall pay the costs due this Commission.
FOR THE FULL COMMISSION
 S/ __________________________ COY M. VANCE COMMISSIONER
CONCURRING:
S/ _______________________ THOMAS J. BOLCH COMMISSIONER
S/ _______________________ WILLIAM L. HAIGH CHIEF DEPUTY COMMISSIONER
CMV/cnp/mj 11/16/95